STATE *ex rel.* RICE, ATTY. GEN., *v.* HARTMAN.

(Division A.   Oct. 25, 1937.   Suggestion of Error Overruled Nov. 8, 1937.)

[176 So. 529.   No. 32777.]

**W. W. Pierce,** Assistant Attorney General, for the state.

**Hugh V. Wall,** of Brookhaven, and **Breed O. Mounger,** of Tylertown, for appellee.

638

Argued orally by **W. W. Pierce**, for appellant, and by **Hugh V. Wall**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellant, the State of Mississippi, on relation of Greek L. Rice, Attorney General, filed its bill against appellee, Frank H. Hartman, doing business as the Frank H. Hartman Burial Association, seeking to enjoin appellee from issuing, or causing to be issued, burial insurance contracts. Hartman filed an answer thereto, and after a hearing the court below dismissed the bill and the Attorney General appeals here.

The bill charges that Hartman was engaged in issuing, in advance of death, contracts containing agreements to pay the funeral expenses of persons, the rate being $1 upon the delivery of the contract, and the further payment of $1 per month per family, without regard to the number of its members. The bill also charges that on February 17, 1936, John S. Williams 3d, the insurance commissioner, approved a form of contract and the rates to be charged by all persons, firms and corporations engaged in this State in issuing contracts providing for funeral benefits, including appellee, and providing that after March 1, 1936, in this State, contracts must be in conformity with such forms and rates, and subsequently, on March 14, 1936, the insurance commissioner wrote to Hartman that the approval of all forms

of burial contracts and the rates to be charged therefor was withdrawn as of March 1, 1936. The bill further charges that Hartman ignored these letters and continued to write burial insurance in conformity with the regulations of September 8, 1932, which had been withdrawn, and continued to ignore the efforts of the insurance commissioner to change the rates so as to make them uniform, and that the complainant, the insurance commissioner, was without an adequate and complete remedy at law.

Hartman filed an answer setting up the contracts of burial insurance which he had been writing since 1928, and the rates charged, and that they were reasonable, while the rate adopted by the insurance commissioner was unreasonable, and that since 1932 the insurance commissioner had issued to him permits and licenses to conduct a burial insurance business.

We think it is unnecessary to go into detail as to the pleadings or proof in this case. The proof shows that the insurance commissioner, on March 1, 1936, had issued a permit and a license to Hartman to conduct a burial insurance business in Mississippi, but the contention of the insurance commissioner is that, under the statutes found in chapter 93, Code 1930 (section 3990 et seq.), as amended by chapter 290, Laws 1932, he had the power to withdraw approval of rates, and, inferentially, cancel permits and licenses.

An examination of this chapter and its amendment shows that power is granted to the insurance commissioner to cancel licenses only in the following cases:

(1) For failure to pay obligations. Section 3998, Code 1930.

(2) For refusal to permit the insurance commissioner to examine the books, etc. Section 3999, Code 1930, as amended by chapter 290, section 4, Laws 1932.

(3) A receiver to be appointed when the person or corporation engaged in the burial insurance business

refuses to carry out his or its contract, or is insolvent. Section 4002, Code 1930.

(4) When persons engaged in the burial insurance business write contracts in excess of $150, as then they would be subject to the regulations controlling the life insurance business. Section 3995, chapter 93, Code 1930, as amended by chapter 290, section 2, Laws 1932.

The insurance commissioner is not permitted, by the controlling statutes, to withdraw permits and licenses for any other reasons. Hartman had been authorized to carry on his business by the insurance commissioner until March 1, 1937, and an injunction to prevent his doing so will not lie.

We have not discussed any other questions presented, and express no opinion as to the meaning of the various sections of the statutes involved.

Affirmed.